UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ZOE B.,

              Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 3:21-cv-05261-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

      Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the ALJ erred by discounting her testimony, two medical opinions, and statements written by her parents. Dkt. 16 at 1-2. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

## BACKGROUND

      Plaintiff is currently 33 years old, has a high school diploma, and has worked as a fast-food worker, barista, fire cleanup crew member, waitress, retail clerk, and convenience store clerk. Tr. 57-58, 220-27, 231. In August 2015, she applied for benefits, alleging disability as of December 9, 2014. Tr. 195-99. Her application was denied initially and on reconsideration. Tr. 88-95, 99-105. The ALJ conducted a hearing in July 2017 (Tr. 36-62), and subsequently issued a

decision finding Plaintiff not disabled. Tr. 12-35. Plaintiff sought review of the ALJ's decision in the Appeals Council. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, but the U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. Tr. 912-14. The ALJ held another hearing in September 2019, Tr. 849-79, and subsequently issued another decision finding Plaintiff not disabled. Tr. 772-92. The Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 684-91.

## DISCUSSION

### A. Plaintiff's Testimony

The ALJ discounted Plaintiff's testimony on the grounds: (1) the record contains many normal findings and demonstrates improvement when Plaintiff complies with treatment; and (2) Plaintiff's daily activities are consistent with non-disabling limitations as described in the residual functional capacity ("RFC") assessment. Tr. 780-85. Absent evidence of malingering, an ALJ's reasons to discount a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)).

In her opening brief, Plaintiff contends the ALJ erred in discounting her testimony as inconsistent with her daily activities by mischaracterizing them. Dkt. 26 at 5-6. However, even if the Court were to agree with Plaintiff, Plaintiff has not established the ALJ harmfully erred. Plaintiff carries the burden of showing errors committed by the ALJ are harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409, (2009); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, Plaintiff fails to meet her burden because the ALJ provided other grounds to discount Plaintiff's testimony and Plaintiff has not challenged the ALJ's reasoning with respect to normal

objective findings and improvement with treatment. *See Carmickle v. Comm'r of Social Sec. Admin.*, 553 F.3d 1155, 1162-63 (9th Cir. 2008).

In her reply brief, Plaintiff argues the Commissioner's brief cherry-picks evidence to show she responded well to mental health treatment when the record shows that while there might have been some improvement following treatment, Plaintiff still suffered from significant mental limitations. Dkt. 28. The Court takes this as a roundabout way of arguing the ALJ erred in discounting her testimony based upon improvement with treatment. Plaintiff did not raise the argument in opening argument and a court need not consider arguments raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); s*ee also Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Plaintiff's argument does not address the ALJ's findings that her mental status examination are for the most part normal; there is no evidence of the extent of Plaintiff's social anxiety; Plaintiff's is focused upon situational stressors but these stressor are not the equivalent of the inability to perform work; and the periods between visits to treatment providers has gradually been extended suggesting improvement. Tr. 781. The ALJ further detailed Plaintiff's treatment and her response in some detail, Tr. 781-85 finding they do not support Plaintiff's testimony about the severity of her symptoms. While one could debate whether the record is susceptible to more than one interpretation, the Court cannot say the ALJ's interpretation is unreasonable. Under these circumstances, the Court is required to affirm the ALJ's determination.

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

B.	**Medical opinion evidence**

The record contains the opinions of examining psychologist Peter Weiss, Ph.D., and treating psychiatrist Paul Meyer-Strom, M.D.  The ALJ gave little weight to Dr. Weiss's opinion and some weight to Dr. Meyer-Strom's opinion.

1.	**Dr. Weiss**

Dr. Weiss examined Plaintiff in 2015 and completed a DSHS form opinion describing her symptoms and limitations.  Tr. 313-19.  Dr. Weiss identified several severe mental limitations in his opinion.  *See* Tr. 315.

In the first decision, the ALJ gave Dr. Weiss's opinion little weight on the grounds it was based on Plaintiff's self-reporting and was inconsistent with her activities of daily living.  Tr. 28.  The ALJ also noted Dr. Weiss performed a one-time examination and Dr. Weiss did not even perform a mental status examination, but simply completed a checkbox form.  *Id*.  The ALJ found no support for Dr. Weiss's conclusion Plaintiff cannot complete a normal workweek.  *Id*.

In the previous litigation, the court found this reasoning to be erroneous for several reasons.  First, the court disagreed Dr. Weiss's opinion was based largely on Plaintiff's self-reporting, and found the ALJ had failed to explain how Plaintiff's activities were inconsistent with Dr. Weiss's conclusions.  Tr. 916-17.  The court also found Dr. Weiss's status as an examining provider was not, by itself, a reason to discount his opinion, and the ALJ inaccurately stated Dr. Weiss performed no testing.  Tr. 918-20.  Lastly, the court found the ALJ had inadequately explain why he found Dr. Weiss's opinion as to Plaintiff's limitations in completing a workweek to be unsupported.  Tr. 920.

In the second decision which is not before the Court, the ALJ again gave little weight to Dr. Weiss's opinion for several reasons. Tr. 787-88.  First, the ALJ found

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

> Dr. Weiss based his opinion on a review of the limited records available at the time, as well as an interview and personal assessment inventory of the claimant. However, the claimant was only marginally cooperative with the interview, and text messaged her counselor in the middle of the evaluation, then stopped the evaluation early, although she filled out a personality assessment inventory. The claimant's lack of cooperation limited Dr. Weiss' time to evaluate the claimant and the thoroughness of his evaluation.

Tr. 787. The ALJ went on to cite normal objective findings, as to speech, mood, affect, cooperation with providers, and eye contact, which the ALJ contrasted with Plaintiff's presentation during Dr. Weiss's examination. Tr. 787-88. The ALJ commented Dr. Weiss believed Plaintiff had poor insight and judgment as to her treatment, but this lack of insight/judgment did not necessarily corroborate Dr. Weiss's opinion she would have severe problems setting workplace goals or planning independently. Tr. 788.

      The ALJ also found Dr. Weiss's opinion was inconsistent with Plaintiff's activities, and that Plaintiff had not disclosed all of her activities to Dr. Weiss. Tr. 788. The ALJ listed several of Plaintiff's public activities (eating at restaurants, shopping in stores, attending her daughter's swim meets) as inconsistent with Dr. Weiss's opinion that Plaintiff would be severely limited in maintaining appropriate behavior in public. Tr. 788. The ALJ next contrasted Plaintiff's ability to cook meals, transport her daughter to school, and care for her pets with Dr. Weiss's opinion that Plaintiff was severely limited in her ability to perform activities within a schedule, maintain attendance and punctuality, and setting goals/planning independently. Tr. 788.

      Plaintiff argues the ALJ erred in finding Dr. Weiss's own examination was limited and his conclusions were inconsistent with the remainder of the record. Dkt. 26 at 7-10. Plaintiff contends the record corroborates Dr. Weiss's conclusions rather than contradicts them, and Plaintiff cites various treatment notes as support for Dr. Weiss's conclusions. *Id*. Plaintiff has failed to challenge all of the ALJ's reasons to discount Dr. Weiss's opinion, however: Plaintiff

ORDER REVERSING THE COMMISSIONER'S DECISION - 5

1  has failed to show that the ALJ erred in noting that Plaintiff failed to fully cooperate with Dr.
2  Weiss's examination, which compromised his ability to evaluate her.  *See* Tr. 316 (noting that
3  Plaintiff became "very angry" during the examination and refused to participate further).  A
4  claimant's failure to cooperate during an examination or evaluation is a valid ground to discount
5  an opinion.  also legitimate. A plaintiff's failure to cooperate in testing may be held against him
6  in the disability determination. *See Kaufmann v. Comm'r of Soc. Sec.*, 2011 WL 4353561, at *6
7  (E.D.Cal. Sep.16, 2011) (ALJ properly considered plaintiff's cooperation in discounting
8  examining physicians' opinions).

9        Plaintiff also fails to challenge the ALJ's findings that her public activities contradict Dr.
10 Weiss's conclusions regarding her ability to maintain appropriate behavior in public, or that
11 Plaintiff's routine of cooking and caring for her daughter and pets demonstrate that she is less
12 limited than Dr. Weiss opined as to maintaining a schedule, attendance, punctuality, and goal-
13 setting/planning.  The ALJ also found Plaintiff had not disclosed all of her activities to Dr. Weiss
14 (Tr. 788), and Plaintiff does not dispute this or show that the ALJ erred in finding that this lack
15 of candor undermines Dr. Weiss's ability to evaluate Plaintiff's functionality.

16       Because the ALJ's unchallenged reasoning supports his assessment of Dr. Weiss's
17 opinion, the Court declines to disturb the ALJ's assessment of this evidence.

18       **2.**     **Dr. Meyer-Strom**

19       Dr. Meyer-Strom was Plaintiff's treating psychiatrist from 2013-18 and wrote a letter in
20 2019 describing her symptoms and limitations.  Tr. 2079.  He listed Plaintiff's symptoms as:
21 distractibility, disorganization, trouble staying focused, and short-term memory problems.  *Id*.
22 Dr. Meyer-Strom described Plaintiff's symptoms as causing "difficulties creating relative
23 disabilities for her[.]"  *Id*.  The ALJ gave little weight to this letter "because it does not identify

any observations of these symptoms, or provide a function by function analysis of the claimant's functional capacity." Tr. 788.

Plaintiff argues Dr. Meyer-Strom's letter was informed by his treating relationship, which undercuts the ALJ's finding the doctor had failed to identify observations in his letter.  Dkt. 26 at 10.  The Court agrees and turns to the ALJ's other reason to discount Dr. Meyer-Strom's opinion: that the opinion does not "provide a function-by-function analysis of the claimant's functional capacity." Tr. 788.  The failure to provide a function-by-function analysis is not a sufficient reason for rejecting a medical source's opinion, especially from a treating physician. *See Herlinda C. v. Saul*, No. CV 19-2730-AGR, 2020 WL 6287716, at *4 (C.D. Cal. Oct. 2020) (citing *Phillips v. Colvin*, No. EDCV 13-538-CW, 2014 WL 1246342, at *4 (C.D. Cal. Mar. 2014) ("[The treating physician's] failure to provide a function-by-function assessment of Plaintiff's limitations may not be a valid reason for discounting his opinion.")); *Garrison v. Astrue*, No. 10-CV-793-JCC-BAT, 2011 WL 813832, at *3 (W.D. Wash. Jan. 2011) ("It was also error to reject the doctor's opinion because it lacked a 'function-by-function' assessment. It is the ALJ, not a doctor, who is required in assessing a claimant's RFC to identify the claimant's limitations on a function-by-function basis[.]"), report and recommendation adopted, No. C10-0793, 2011 WL 806548 (W.D. Wash. Feb. 2011).

The Court notes that to the extent Dr. Meyer-Strom's opinion is not specific enough, the ALJ should have sought clarification and expanded the record, rather than simply rejected it. *See e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"

ORDER REVERSING THE COMMISSIONER'S DECISION - 7

The Court accordingly concludes the ALJ harmfully erred in discounting Dr. Meyer-Strom's opinion.

**C.  Lay statements**

The record contains several statements written by Plaintiff's parents, Juanita B., and Douglas H.  Tr. 237-44, 273-75, 1001-10, 1015-21.  The ALJ discounted these statements, finding the limitations described by Ms. B. to be inconsistent with Plaintiff's reports and the observations of her providers, and the limitations described by Mr. H. were not supported by "recent observations" of Plaintiff and inconsistent with the many normal examination findings.  Tr. 789.  An ALJ's reasons to discount a lay statement must be germane.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").

Plaintiff argues the ALJ erred in discounting her parent's statements because the ALJ cherry-picked findings from the record that are inconsistent with her parents' statements when the entire record shows Plaintiff's symptoms and functionality waxed and waned.  Dkt. 26 at 11-13.  Plaintiff's opening brief references the ALJ's cherry-picking multiple times and explains why she believes the record could be interpreted to corroborate her limitations, Plaintiff has not demonstrated the ALJ's citations inaccurately characterize the record, that the ALJ entirely ignored findings that do not support his conclusion, or that the findings are unreasonable.

To the contrary, the ALJ identified specific contradictions between Ms. B's reports and Plaintiff's own functional report, and although Plaintiff contends that her report could have been referring to sporadic, limited activities, this is not the only reasonable reading of her reports and hearing testimony. For example, Plaintiff testified she drives to the store twice a week, takes her children to events, and attends church a couple of times a month (Tr. 48), and reported she

manages her daughter's daily routine (getting ready for school, preparing meals, bathing, clothing, playing) (Tr. 207-08, 860, 862-64). Plaintiff's testimony is inconsistent with Ms. B.'s statements that she took Plaintiff's daughter to school, appointments, and shopping, and she "often" had to help with getting Plaintiff's daughter to school (Tr. 1016). Plaintiff contends Ms. B.'s reports could be considered consistent with her own statements because Ms. B. helped only sometimes (Dkt. 26 at 11). This is argument, however, and not the only reasonable reading of the record. Plaintiff accordingly has not shown the ALJ was unreasonable in finding an inconsistency between Plaintiff's reported activities and Ms. B.'s description of Plaintiff's inability to engage in those activities without her help.

The ALJ also contrasted Ms. B.'s description of grooming and memory deficits with the normal findings as to grooming and memory in the treatment record. *See* Tr. 789. Although Plaintiff contends she could have been observed to have had normal grooming because Ms. B. had reminded her to manage her grooming or because her symptoms were not flaring at that time (Dkt. 26 at 12), this is also an argument and not the only reasonable reading of the record.

The ALJ discounted Mr. H.'s statements also noting Mr. H.'s statements with more recent evidence regarding Plaintiff's daily activities, and treatment notes documenting normal mood, affect, cooperation, and eye contact. Tr. 789. Plaintiff emphasizes she testified she speaks to her father on the phone on a daily basis, Tr. 872-73, and thus Mr. H. was aware of Plaintiff's recent functioning. But Mr. H. himself described less regular contact: he indicated he sees Plaintiff a couple of times a year and speaks to her on the phone "periodically." Tr. 275. Mr. H. also indicated he did not have adequate information to certain questions about Plaintiff's daily activities and functionality. *See* Tr. 1002, 1004, 1006-07. Accordingly, Plaintiff has not

ORDER REVERSING THE COMMISSIONER'S DECISION - 9

shown the ALJ finding Mr. H. should be discounted because he had limited observation of Plaintiff's daily functioning is unreasonable or unsupported.

Plaintiff also contends the ALJ cherry-picked normal examination findings and equated those with Plaintiff's performance in a work setting (Dkt. 26 at 12-13). The record does not support the argument. Rather, the record shows the ALJ contrasted Plaintiff's normal examination findings with the cognitive, social, persistence, and adaptation limitations described by Mr. H.  Tr. 789.  Plaintiff thus has not shown that the record as a whole was inconsistent with the ALJ's characterization of it, and thus has failed to meet her burden to show error in the ALJ's analysis.

Because the ALJ cited evidence documenting activities and treatment records inconsistent with the limitations described by Plaintiff's parents, the Court affirms this portion of the ALJ's decision.  See Carmickle, 533 F.3d at 1164 (activities); Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (medical evidence).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and the case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall reassess Dr. Meyer-Strom's opinions, developing the record as needed, reassess Plaintiff's RFC as needed and proceed to the remaining steps as appropriate. As discussed above, the Court affirms the ALJ as to the other claimed errors raised by Plaintiff.

DATED this 9th day of March, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S DECISION - 10